IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MARVIN PETE WALKER,

    Petitioner,

v.

MICHAEL MARTEL, Acting Warden of California State Prison at San Quentin,

    Respondent.

NO. C 94-1997 SBA

ORDER GRANTING RESPONDENT'S MOTION FOR ORDER STAYING RELEASE OR RETRIAL PENDING APPEAL

**DEATH PENALTY CASE**

**Introduction**

Petitioner was convicted and sentenced to death for murder, assault, robbery and other crimes in August 1980. On March 31, 2011, this court granted petitioner a writ of habeas corpus on his claim that he was unconstitutionally shackled during his capital trial. In addition, the court granted petitioner's claim that his trial counsel's failure to object to the shackling was prejudicially deficient performance at both the guilt and penalty phases of petitioner's capital trial. The court also ordered the state to either release or retry petitioner, in compliance with California state law and the United States Constitution.

Respondent subsequently filed a timely notice of appeal from the court's order and now moves for an order staying the release or retrial of petitioner pending appeal. Petitioner has opposed respondent's motion. For the reasons set forth below, respondent's motion is GRANTED.

**Discussion**

**I.   Legal Framework**

Fed. R. App. P. 23(c) provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must -- unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise -- be released on personal recognizance, with or without surety.

The district court retains jurisdiction to issue orders regarding a petitioner's custody or release even after an appeal has been taken from the order granting or denying habeas relief. *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Fed. R. App. P. 23(c) refers the decision regarding release either to the district court granting relief, the court of appeals, or the Supreme Court.

In cases where a petitioner has been granted habeas relief, Fed. R. App. P. 23(c) creates a presumption of release from custody. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). This presumption may be overcome if a judge rendering the decision, or an appellate court, rules otherwise. *Id*.

In *Hilton*, the Supreme Court recognized that a court has broad discretion in conditioning a judgment granting habeas relief. *Id*. When confronted with the question of whether a decision granting relief should be stayed pending appeal, a court should consider the following factors:

> 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and 4) where the public interest lies.

*Id*. at 776. These factors contemplate individualized judgments in each case and cannot be reduced to a rigid set of rules. *Id*. at 777. The risk of flight, the possibility that the prisoner will pose a risk to the public if released and the state's interest in continuing custody and rehabilitation pending appeal should all be taken into consideration. *Id*.

**II.   Analysis**

In *Hilton*, the Supreme Court explained that "where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial

2

case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Id*. at 778.

Here, this court granted habeas relief on the basis of ineffective assistance of counsel and unconstitutional shackling. As the parties' stipulated facts, the trial record, and this court's lengthy analysis in its order of March 31, 2011 demonstrated, petitioner was visibly shackled, numerous members of the jury observed the shackles, and there were no state interests justifying the restraints. In addition, as the court's exhaustive discussion confirmed, petitioner demonstrated that he suffered prejudice as a result of the shackling at both the guilt and penalty phases of his trial. Furthermore, given the stipulated facts, the trial record, and the applicable Supreme Court and Ninth Circuit caselaw, this court held that petitioner had demonstrated that "there was no reasonable basis for the state court to deny relief" on petitioner's claims. *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011); 28 U.S.C § 2254(d).

Respondent argues that he has a substantial case on appeal because, according to respondent, this court did not provide the appropriate deference to the state court's apparent conclusion[1] that any unconstitutional shackling was not prejudicial. *See, e.g.* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Richter*, 131 S. Ct. at 786. Petitioner maintains that respondent cannot demonstrate any meaningful chance of obtaining a reversal.

This court's May 31, 2011 order was based on a thorough analysis of the factual record and the applicable law. Nonetheless, the court recognizes that respondent's position on appeal is not implausible. This court and the California Supreme Court are in apparent disagreement as to the prejudicial impact of petitioner's shackling, and recent caselaw of the United States Supreme Court makes clear that the federal court's role on habeas is highly deferential. *Richter*, 131 S. Ct. at 786. As such, respondent has demonstrated, if not a likelihood of success on appeal, a substantial case on the merits.

Respondent also argues that he would be irreparably injured absent a stay in that he would be required to conduct a retrial which might be mooted by a reversal of this court's order on appeal.

---

[1] The California Supreme Court did not issue a reasoned order regarding petitioner's shackling-related claims; rather, its denial of the claims was summary.

3

1  Respondent is correct. Respondent indeed has an interest in avoiding the potentially unnecessary
2  expense of retrial. There is substantial risk that a retrial of petitioner decades after the crime will
3  result in his acquittal, not necessarily because respondent lacked proof beyond a reasonable doubt
4  two decades ago, but because he lacks that proof now. If a reviewing court finds that this court was
5  incorrect in its assessment that petitioner's constitutional rights were violated at trial – a question
6  that will be answered only after the appeal is over – then respondent should not be forced to retry
7  petitioner on the basis of stale evidence.

8  The court is further mindful of the fact that under state law, a defendant facing capital
9  charges has no right to be released either on bail or on recognizance. Cal. Const. article I, § 12(a).
10  Thus, if respondent's request for a stay is denied, the state will be entitled to enforce its own
11  processes by holding petitioner in custody as a pretrial detainee facing capital charges. *See Irvin v.*
12  *Dowd*, 366 U.S. 717, 728 (1961) (following grant of federal habeas relief, state is not precluded
13  from re-arresting petitioner and retrying him under same indictment). As such, it appears that even
14  if petitioner were released, such release might be short-lived if respondent opted to retry petitioner.

15  The "[s]tate's interest in continuing custody and rehabilitation pending a final determination
16  of the case on appeal is also a factor to be considered; it will be strongest where the remaining
17  portion of the sentence to be served is long, and weakest where there is little of the sentence
18  remaining to be served." *Hilton*, 481 U.S. at 777. Here, petitioner has been sentenced to death and
19  is scheduled never to be released, tilting this factor in favor of respondent.

20  As noted above, risk of flight and danger to the community are other factors to be
21  considered. Respondent has made no particularized showing that petitioner poses a flight risk or
22  danger to the public; nor has petitioner proffered any facts that he is not a flight risk. While the
23  court cannot determine on the record before it whether petitioner poses a flight risk, the court is
24  cognizant that petitioner was charged with and convicted of very serious crimes. Overall, this court
25  finds that the irreparable injury that respondent would suffer absent a stay, as well as the public
26  interest, weigh in favor of a stay.

27  Petitioner argues that any stay would subject him to the substantial injury of indefinite
28  imprisonment pursuant to a conviction held to be constitutionally invalid. Given that petitioner has

4

already been imprisoned for over thirty years, he has demonstrated a strong interest in release. This interest however, is outweighed by the countervailing considerations described above.

**Conclusion**

In reviewing all of the relevant factors, the court concludes that the balance of equities favors the issuance of a stay pending appeal of its order regarding release or retrial of petitioner. A court has broad discretion in conditioning a judgment granting habeas relief. *Hilton*, 481 U.S. 775. In addition, as a practical matter, given respondent's ability to hold petitioner in custody as a pretrial detainee facing capital charges, it appears that any release of petitioner pursuant to this court's order might be quickly mooted if respondent chose to retry petitioner.

For the above-mentioned reasons, respondent's motion for a stay of this court's release or retry order of March 31, 2001 is GRANTED. This court's judgment is STAYED during the pendency of the appeal.

**IT IS SO ORDERED.**

DATED: 7/11/11

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WALKER,

         Plaintiff,

v.

MICHAEL MARTEL,

         Defendant.
                                   /

Case Number: CV94-01997 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

California Appellate Project
California Appellate Project
Federal Court Docketing
101 Second Street
Suite 600
San Francisco, CA 94105

Dated: July 13, 2011

                                        Richard W. Wieking, Clerk
                                        By: LISA R CLARK, Deputy Clerk