UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARVIN PETE WALKER,

          Petitioner,

  v.

KEVIN CHAPPELL, Warden,
California State Prison at San Quentin

          Respondent.
_____/

No. C 94-1997 PJH

**ORDER RE PROCEEDINGS POST-MANDATE**

      Petitioner was convicted and sentenced to death for murder, assault, robbery and other crimes in August 1980.  On March 31, 2011, this court, Judge Saundra Brown Armstrong presiding, granted petitioner a writ of habeas corpus on his claim that he was unconstitutionally shackled during his capital trial.  In addition, the court granted petitioner's claim that his trial counsel's failure to object to the shackling was prejudicially deficient performance at both the guilt and penalty phases of petitioner's capital trial.  The court also ordered the state to either release or retry petitioner, in compliance with California state law and the United States Constitution.

      Respondent subsequently filed a timely notice of appeal from the court's order.  The Ninth Circuit reversed the court's grant of the writ of habeas corpus, and remanded the matter to the District Court.  Petitioner subsequently appealed the Ninth Circuit's decision to the United States Supreme Court.  The Supreme Court denied the petition for writ of certiorari, and the Ninth Circuit issued its mandate to this court on November 19, 2014.  On November 21, 2014, this case was reassigned to the undersigned district judge.

The parties are now ORDERED to commence proceedings in accordance with the Ninth Circuit's mandate. Claims 2 (other than subsection 2(c)) and 22 were previously dismissed as moot, and thus remain to be resolved on the merits. Claims 16, 19B(e), 19B(f), 19B(aa), 19B(cc) and 21 were dismissed as procedurally defaulted. All other claims were addressed on the merits by the Judge Armstrong. *See* Docket Nos. 189 and 199.

Within 60 days of the date of this Order, the parties are ORDERED to meet and confer, and to stipulate to a briefing schedule to address the remaining claims in this case. In the briefs to be filed the parties shall also address the impact of *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) on this court's decision – prior to the issuance of *Pinholster* – granting petitioner's motion for an evidentiary hearing on Claim 2. In *Pinholster*, the Supreme Court held that in determining the reasonableness of a state court's ruling under section 2254(d)(1), federal courts are "limited to the record that was before the state court that adjudicated the claim on the merits." The Court explained that "evidence later introduced in federal court is irrelevant to § 2254(d)(1) review." *Id.* at 1400. Accordingly, the court's decision granting petitioner's motion for an evidentiary hearing must be reconsidered in light of *Pinholster.*

**IT IS SO ORDERED.**

Dated: April 18, 2014

PHYLLIS J. HAMILTON
United States District Judge