UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARVIN PETE WALKER,

    Petitioner,

    v.

KEVIN CHAPPELL, Warden,
California State Prison at San Quentin

    Respondent.
_____/

No. C 94-1997 PJH

**ORDER VACATING EVIDENTIARY HEARING AND DIRECTING MERITS BRIEFING**

## INTRODUCTION

Pursuant to the court's request, the parties have submitted briefs regarding the impact of *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) on this court's decision – prior to the issuance of *Pinholster* – granting petitioner's motion for an evidentiary hearing on Claim 2 (specifically Claims 2A, 2D, 2E and 2F). In *Pinholster*, the Supreme Court held that in determining the reasonableness of a state court's ruling under section 2254(d)(1), federal courts are "limited to the record that was before the state court that adjudicated the claim on the merits." The Court explained that "evidence later introduced in federal court is irrelevant to § 2254(d)(1) review." *Id.* at 1400.

For the following reasons, this court's grant of an evidentiary hearing is VACATED.

## BACKGROUND

Petitioner was convicted and sentenced to death for murder, assault, robbery and other crimes in August 1980. On March 31, 2011, this court, Judge Saundra Brown Armstrong presiding, granted petitioner a writ of habeas corpus on his claim that he was unconstitutionally shackled during his capital trial. In addition, the court granted petitioner's claim that his trial counsel's failure to object to the shackling was prejudicially deficient performance at both the guilt and penalty phases of petitioner's capital trial. The court also ordered the state to either release or retry petitioner, in compliance with California state law and the United States Constitution.

Respondent subsequently filed a timely notice of appeal from the court's order. The Ninth Circuit reversed the court's grant of the writ of habeas corpus, and remanded the matter to the District Court. Petitioner subsequently appealed the Ninth Circuit's decision to the United States Supreme Court. The Supreme Court denied the petition for writ of certiorari, and the Ninth Circuit issued its mandate to this court. On November 21, 2013, this case was reassigned to the undersigned district judge. The parties were then ordered to commence proceedings in accordance with the Ninth Circuit's mandate.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant relief on any claim adjudicated on the merits by a state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Pinholster*, the Supreme Court held that in determining the reasonableness of a state court's ruling under § 2254(d)(1), federal courts are "limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. at 1398. The Court explained that "evidence later introduced in federal court is

irrelevant to § 2254 (d)(1) review." *Id.* at 1400. Several circuit courts have concluded that under *Pinholster*, district courts should determine whether a petitioner's claims survive the § 2254(d)(1) standard on the basis of the state record alone, without reliance on evidence developed in federal evidentiary hearings. *See, e.g., Price v. Thurmer*, 637 F.3d 831, 837 (7th Cir. 2011); *Jackson v. Kelly*, 650 F.3d 477, 492 (4th Cir. 2011); *see also Gulbrandson v. Ryan*, 738 F.3d 976, 990-92 (9th Cir. 2013) (holding that, based on *Pinholster*, the district court did not abuse its discretion by denying petitioner's request for an evidentiary hearing regarding his ineffective assistance of counsel claims).

Respondent argues that in light of *Pinholster*, this Court should reconsider its grant of an evidentiary hearing, and analyze whether any of petitioner's claims survive § 2254(d)(1) review before considering whether to hold an evidentiary hearing. Petitioner counters that *Pinholster* does not preclude a federal court's ability to grant an evidentiary hearing, and suggests that the court "postpone" the hearing until briefing and a ruling on the § 2254(d)(1) issue.

Petitioner is correct that the Supreme Court in *Pinholster* did not hold that a district court would err by conducting an evidentiary hearing before deciding that a claim survives review under § 2254(d). 131 S. Ct. at 1411 n.20. ("[W]e need not decide . . . whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied"); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("Prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the decision to grant an evidentiary hearing was left generally to the sound discretion of district courts. That basic rule has not changed" (citations omitted)). Nevertheless, the Court stated that its decision was "consistent" with *Landrigan* and noted that in *Landrigan*, it:

> explained that '[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.' [*Landrigan*, 550 U.S.] at 474. In practical effect, we went on to note, this means that when the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.' *Id.* at 474 (citing with approval the Ninth Circuit's recognition that 'an evidentiary hearing is not required on issues that can be resolved by reference to the state court record' (internal quotation marks omitted)).

3

*Pinholster*, 131 S. Ct. at 1399.  The Court's statements indicate that, at a minimum, a federal court would not err by requiring a petitioner to demonstrate that relief on his claims is not precluded by § 2254(d) before granting him an evidentiary hearing on those claims. *See also Woods v. Sinclair*, 655 F.3d 886, 904 n.10 (9th Cir. 2011) (because review of a claim adjudicated on the merits by the state court is limited to the state court record, petitioner need not have been afforded an opportunity to develop evidence in support of his argument); *Ybarra v. McDaniel*, 656 F.3d 984, 991 n.3 (9th Cir. 2011) ("remand to the district court is unnecessary because there can be no additional factfinding by the district court" under *Pinholster.*) ; *Earp v. Ornoski*, 431 F.3d 1158, 1166-67 (9th Cir. 2005) (until petitioner can satisfy an exception to 28 U.S.C. § 2254(d), petitioner is not entitled to an evidentiary hearing on the merits of his claims.)  Accordingly, this court finds that the more prudent approach is to vacate the evidentiary hearing, and proceed with merits briefing under § 2254(d)(1) and/or § 2254(d)(2) for the remaining claims.

## CONCLUSION

For the foregoing reasons, the court's previous Order granting an evidentiary hearing is VACATED.  Within ten days of the date of this Order, the parties should meet and confer, and submit a proposed merits briefing schedule for Claims 2A, 2D, 2E and 2F, and any other remaining claims in the petition.  Petitioner is directed to file an opening brief describing how those claims satisfy § 2254(d)(1) and/or § 2254(d)(2) on the basis of the record that was before the state court that adjudicated the claim on the merits.  Respondent shall file an opposition, and petitioner may file a reply.

**IT IS SO ORDERED.**

Dated: November 6, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

4